Filed 11/30/15  P. v. Johnson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042434 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1472888) |
| v. | |
| ANDRE TYRONE JOHNSON, | |
| Defendant and Appellant. | |

Defendant Andre Tyrone Johnson pleaded no contest to one count of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c))[1] with an allegation that he personally used a deadly or dangerous weapon (§ 12022, subd. (b)) and four counts of possessing stolen property (§ 496, subd. (a)).  On appeal, his counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared defendant was notified that an independent review under *Wende* was being requested.  We advised defendant of his right to submit written argument on his own behalf within 30 days.  That period has elapsed, and we have not received any written argument from defendant.[2]

---

[1] Unspecified statutory references are to the Penal Code.

[2] On September 4, 2015, we received a letter from defendant that briefly stated that he would like to file a supplemental brief.  However, this short letter did not contain legal arguments and did not raise any issues pertaining to his appeal.  Defendant did not file any other letters containing written argument by the 30-day deadline.

Pursuant to *Wende*, we have reviewed the entire record and have concluded that there are no arguable issues.  We will provide "a brief description of the facts and procedural history of the case, the crimes of which defendant was convicted, and the punishment imposed."  (*People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## FACTUAL AND PROCEDURAL BACKGROUND

On November 28, 2013, codefendant Dionte Lavone Davis was seen leaving the area of an armed robbery.[3]  Davis was on probation and was subject to a probation search condition.  The following day, officers went to Davis's residence and conducted a search of his home, which he shared with defendant.  During the search, officers located four cell phones that were believed to be stolen.  Officers also found a bicycle that matched the description of a bicycle used in several robberies.

The cell phones were determined to belong to several victims.  Two of the victims said that defendant and Davis approached them on the street, brandishing handguns and demanding their belongings.  Defendant was identified by the two victims in a photographic lineup.  Another victim said he was robbed by two men on bicycles. The last victim said he was robbed by three men, including defendant.  The last victim said that defendant held a knife to him and went through his pockets.

At the preliminary hearing, the officers who conducted the probation search testified that when they searched Davis's home, Davis's mother pointed them to the garage where Davis slept and indicated which bed was his.  Davis's mother told officers that another man stayed in the garage.  Two cell phones were found on Davis's bed, and a bicycle was found in the garage.  Two other cell phones were found in the living and kitchen area.

---

[3] Since defendant pleaded no contest, we take some of the facts from the probation officer's report.

2

On July 17, 2014, an information was filed charging defendant with four counts of robbery in the second degree (§§ 211, 212.5, subd. (c)) and one count of kidnapping to commit robbery (§ 209, subd. (b)(1)).  For two of the robbery counts, it was alleged that defendant personally used a firearm in the commission of the offense (§ 12022.53, subd. (b)).

On February 13, 2015, the information was amended to include four counts of possession of stolen property (§ 496, subd. (a)).  And, one of the robbery counts was amended to allege that defendant used a deadly or dangerous weapon during the commission of the offense (§ 12022, subd. (b)).  Defendant pleaded no contest to one count of robbery with the allegation that he used a deadly or dangerous weapon, and to the four counts of possessing stolen property with the understanding that he would be sentenced to eight years eight months in prison.

On March 13, 2015, defendant was sentenced to the agreed-upon term of eight years eight months in prison, consisting of the upper term of five years for the robbery conviction, one year for the weapons enhancement, and four consecutive eight month-sentences for each conviction for possessing stolen property.  Defendant was awarded 425 actual days of credit and 63 days of conduct credit.  He was ordered to pay a $280 restitution fine (§ 1202.4), and an additional $280 parole revocation fine (§ 1202.45) was imposed but suspended.  He was also ordered to pay $600 in victim restitution to one of the victims, $200 in court operation fees (§ 1465.8), $150 in court facility fees (Gov. Code, § 70373), and a $259.50 booking fee (Gov. Code, § 29550). The remaining charges against defendant were dismissed.

Defendant filed a notice of appeal challenging the validity of the plea, and the court granted a certificate of probable cause.

**DISCUSSION**

We have examined the entire record and conclude that there are no arguable issues on appeal.

**DISPOSITION**

The judgment is affirmed.

_____

Premo, J.



WE CONCUR:




_____

Rushing, P.J.




_____

Márquez, J.